1   Michael H. Trenholm (Bar No. 163291)
    mtrenholm@kmob.com
2   John W. Holcomb (Bar No. 172121)
    jholcomb@kmob.com
3   Nicholas M. Zovko (Bar No. 238248)
    nicholas.zovko@kmob.com
4   KNOBBE, MARTENS, OLSON & BEAR, LLP
    3403 Tenth Street, Suite 700
5   Riverside, CA  92501
    Telephone:  951-781-9231
6   Facsimile:  949-760-9502

7   Attorneys for Plaintiff and Counterdefendant
    SOLAR SUN RINGS, INC.

8

9              IN THE UNITED STATES DISTRICT COURT

10         FOR THE CENTRAL DISTRICT OF CALIFORNIA

11                     EASTERN DIVISION

12   SOLAR SUN RINGS, INC., a           ) Case No. 5:10-CV-0503 VAP (DTBx)
         California corporation,        )
13                                      )
                  Plaintiff,            ) **[PROPOSED]** PROTECTIVE
14                                      ) **ORDER**
             v.                         )
15                                      )
     R&P POOLS, INC. d/b/a LEISURE      ) Hon. Virginia A. Phillips
16       LIVING, a New York corporation;)
     ISLAND SWIMMING SALES, INC.        )
17       d/b/a ISLAND RECREATIONAL,     )
         a New York corporation;        )
18   DANIEL SCHONFELD d/b/a             )
         WARMWATERPOOLS.COM, an         )
19       individual;                    )
     XPEM, INC. d/b/a POOL SUPPLY       )
20       WORLD, a California corporation;)
     SMITHCO HOLDINGS, LLC d/b/a        )
21       AQUA SUPERSTORE, a Florida     )
         limited liability company;     )
22   THE YARD AND POOL                  )
         COMPANY, LLC, a Maryland       )
23       limited liability company;     )
     BEST BUY POOL SUPPLY, LLC, a       )
24       California limited liability   )
         company;                       )
25   AMERIMERC LLC d/b/a AQUA           )
         POOL WAREHOUSE, a Kansas       )
26       limited liability company;     )
     POOLSONLY.COM, INC. d/b/a          )
27       POOLSONLY.COM, a California    )
         corporation;                   )
28   TROPIC POOLS, INC. d/b/a/          )

1 | TROPICPOOLS.COM, an Illinois )
corporation; )
2 | 1 800 POOLS, LLC, a New Jersey )
limited liability company; )
3 | VIMATA INTERACTIVE, INC. d/b/a )
BACKYARDCITYPOOLS.COM, )
4 | a Tennessee corporation; )
UNDERBID, INC. d/b/a )
5 | UNDERBID.COM, a New York )
corporation; )
6 | PCPOOLS, INC. d/b/a )
PCPOOLS.COM, an Illinois )
7 | corporation; )
CHALLENGER )
8 | MANUFACTURING, INC. d/b/a )
BLUE WAVE PRODUCTS, INC., )
9 | an Illinois corporation; )
B.W. INCORPORATED d/b/a )
10 | FAMILYPOOLFUN.COM, a )
Minnesota corporation; )
11 | D B MANAGEMENT LC d/b/a )
AQUAMONSTER.COM, a Florida )
12 | limited liability company; )
EMPIRE BUILDING PRODUCTS, )
13 | INC. d/b/a EMPIRE SURPLUS )
HOME CENTER, a Pennsylvania )
14 | corporation; )
INYO POOL PRODUCTS, INC. d/b/a )
15 | INYOPOOLS.COM, a Florida )
corporation; )
16 | NORTHEAST POOLS AND )
SIDELINE SERVICES, INC. d/b/a )
17 | NORTHEAST POOL STORE, a )
New York corporation; and )
18 | ASIA CONNECTION LLC, a New )
York limited liability company; and )
19 | DOES 1 through 10, inclusive, )
)
20 | Defendants. )
)
21 | AND RELATED COUNTERCLAIM )
)
22
23
24
25
26
27
28

### STIPULATED PROTECTIVE ORDER

Plaintiff and Counterdefendant SOLAR SUN RINGS, INC. ("Plaintiff") and Defendants and Counterclaimants R&P POOLS, INC. d/b/a LEISURE LIVING ("Defendant Leisure Living"); ISLAND SWIMMING SALES, INC. d/b/a ISLAND RECREATIONAL ("Defendant Island Recreational"); DANIEL SCHONFELD d/b/a WARMWATERPOOLS.COM ("Defendant Schonfeld"); XPEM, INC. d/b/a POOL SUPPLY WORLD ("Defendant Pool Supply World"); SMITHCO HOLDINGS, LLC d/b/a AQUA SUPERSTORE ("Defendant Aqua Superstore"); THE YARD AND POOL COMPANY, LLC ("Defendant Yard and Pool"); BEST BUY POOL SUPPLY, LLC ("Defendant Best Buy Pool"); AMERIMERC LLC d/b/a AQUA POOL WAREHOUSE ("Defendant Aqua Pool Warehouse"); POOLSONLY.COM, INC. d/b/a POOLSONLY.COM ("Defendant Pools Only"); TROPIC POOLS, INC. d/b/a/ TROPICPOOLS.COM ("Defendant Tropic Pools"); 1 800 POOLS, LLC ("Defendant 1 800 Pools"); VIMATA INTERACTIVE, INC. d/b/a BACKYARDCITYPOOLS.COM ("Defendant Vimata"); PCPOOLS, INC. d/b/a PCPOOLS.COM ("Defendant PC Pools"); CHALLENGER MANUFACTURING, INC. d/b/a BLUE WAVE PRODUCTS, INC. ("Defendant Blue Wave"); B.W. INCORPORATED d/b/a FAMILYPOOLFUN.COM ("Defendant Family Pool Fun"); D B MANAGEMENT LC d/b/a AQUAMONSTER.COM ("Defendant Aqua Monster"); EMPIRE BUILDING PRODUCTS, INC. d/b/a EMPIRE SURPLUS HOME CENTER ("Defendant Empire Surplus"); INYO POOL PRODUCTS, INC. d/b/a INYOPOOLS.COM ("Defendant Inyo Pool Products"); NORTHEAST POOLS AND SIDELINE SERVICES, INC. d/b/a NORTHEAST POOL STORE ("Defendant Northeast Pool Store"); and ASIA CONNECTION LLC ("Defendant Asia Connection") (collectively, "Answering Defendants") agree that disclosure and discovery activity in the above-captioned

- 2 -

1   lawsuit are likely to involve production of confidential, proprietary, and/or
2   private information for which special protection from public disclosure and
3   from use for any purpose other than prosecuting this litigation would be
4   warranted.  Such information likely will include, among other things, sensitive
5   product information, product design and development materials, engineering
6   materials, marketing and sales information, purchase orders, invoices,
7   distributor information, and customer information relating to floating solar pool
8   and spa heating devices (collectively, the "Sensitive Information").

9   **GOOD CAUSE STATEMENT**

10      Plaintiff and Answering Defendants (collectively, the "Parties," or
11  singularly, a "Party") respectfully believe that good cause exists to enter the
12  instant Protective Order in order to protect the Sensitive Information from
13  public disclosure.  The Sensitive Information includes information and data that
14  could be used by actual or potential competitors to gain an improper and
15  unlawful competitive advantage in the marketplace.  For example, the Sensitive
16  Information includes, among other things, proprietary costs and manufacturing
17  information relating to the Parties' product lines.  The Sensitive Information
18  also includes, but may not be limited to, information and communications
19  relating to the Parties' distribution arrangements, parts sourcing and
20  manufacturing details, and sensitive pricing information.

21      The Parties are competitors in the design, manufacture, and sale of
22  floating solar pool and spa heaters.  Due to the competitive relationship between
23  the Parties, it is highly likely that disclosure of the Sensitive Information of one
24  Party, especially that Party's product design, development, financial, sales, and
25  customer information regarding floating solar pool and spa heating devices, will
26  provide an improper or unlawful competitive advantage to the other Party.  This
27  Protective Order is necessary to prevent such harm to each of the Parties.  The
28  Parties have attempted to draft this Protective Order narrowly and in a manner

no more restrictive than necessary to protect the Sensitive Information from public disclosure.

IT IS HEREBY STIPULATED and agreed by and between counsel for the Parties that the terms and conditions of this Stipulated Protective Order shall be entered as follows:

## DEFINITIONS

1.     The term "Confidential Information" shall mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, hearing testimony, deposition testimony, and transcripts of trial testimony, hearings, depositions and expert reports, including data, summaries, and compilations derived therefrom that is deemed to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY" in accordance with Paragraph 7, by any Party or witness to which it belongs.  The phrases "ATTORNEY EYES ONLY" or "AEO" shall have the same meaning as "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY."

2.     The term "materials" shall include, but shall not be limited to: documents; correspondence; memoranda; e-mail messages; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.
/ / /

3.    The term "discovery material" shall include all deposition testimony, all transcripts and other written or oral recordings of deposition or pre-trial or trial testimony, all answers, documents, and other discovery materials produced in response to notices of depositions, interrogatories, requests for admissions, requests for documents, or subpoenas in this action, as well as all information thereby disclosed or communicated, all copies and summaries thereof, and all references thereto.

4.    The term "counsel" shall include outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms:  KNOBBE, MARTENS, OLSON & BEAR, LLP; DILWORTH & BARRESE, LLP; and KNEAFSEY & FRIEND LLP. "Counsel" shall also include non-parties specifically retained by outside counsel of record to assist with copying and computer services necessary for document handling, and other litigation support personnel (*e.g.*, graphic designers and animators), including trial consulting services and mock jurors retained by a Party who have read and all signed proper acknowledgements to be bound by the terms of this protective order.

## GENERAL RULES

5.    This Protective Order shall govern all disclosures of discovery materials made pursuant to Rule 26(a) of the Federal Rules of Civil Procedure.

6.    All discovery materials and materials of a non-public nature shall be used solely in connection with this litigation and not for any other purpose. All discovery materials whose disclosure is restricted by this Protective Order shall not be disclosed to anyone except as provided herein.

7.    Each Party or witness to this litigation that produces or discloses any materials, discovery materials or information that the producing Party or witness reasonably believes in good faith should be subject to this Protective

/ / /

1    Order may designate the same as "CONFIDENTIAL" or "HIGHLY
2    CONFIDENTIAL - FOR COUNSEL ONLY," as follows:

3           a.     Designation as "CONFIDENTIAL":  Any Party or witness
4    may designate information as "CONFIDENTIAL" only if, in the
5    reasonable and good faith belief of such Party or witness and its counsel
6    that such material or discovery material is properly entitled to protection
7    under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, and the
8    information is of the following type:  (i) a trade secret entitled to
9    protection under the Uniform Trade Secrets Act, as adopted in California;
10   (ii) technical, financial, business, or marketing information that the
11   disclosing Party reasonably believes would cause competitive harm to the
12   disclosing Party if it were publicly disclosed; or (iii) information that the
13   disclosing Party has independently agreed in the ordinary course of
14   business to maintain in confidence for the benefit of a third party.

15          b.     Designation as "HIGHLY CONFIDENTIAL - FOR
16   COUNSEL ONLY":  Any Party or witness may designate information as
17   "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the
18   reasonable and good faith belief of such Party or witness and its counsel
19   that such material or discovery material is properly entitled to protection
20   under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, and the
21   information:  (i) is of any of the types of information identified herein
22   under the definition for designation of information as
23   "CONFIDENTIAL"; and (ii) relates to certain financial, pricing, cost,
24   licensing, supplier, distributor, vendor, marketing, business strategy,
25   sales, customer, employment, engineering, development, and/or technical
26   information that is particularly sensitive and/or of immediate competitive
27   significance.
28   / / /

- 6 -

8.   No material or discovery material shall be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY" if the material has been published, distributed to the public, or disclosed to a non-party without a confidentiality agreement or a reasonable expectation that the material would be maintained by the non-party in confidence.

9.   Care shall be taken by the producing Party or witness to use the designation "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY" only where the producing Party or witness has a reasonable and good faith belief that such protection is needed.

10.   In the event that the producing Party elects to produce materials or discovery materials for inspection, no marking need be made by the producing Party in advance of the initial inspection.  For the purpose of the initial inspection, all materials or discovery materials produced shall be considered as "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY," and shall be treated as such pursuant to the terms of this Order.  Thereafter, upon selection of specified materials or discovery materials for copying by the inspecting Party, the producing Party shall, within a reasonable time prior to producing those materials or discovery materials to the inspecting Party, mark the copies of those materials or discovery materials that contain Confidential Information with the appropriate confidentiality marking.

11.   Whenever a deposition taken on behalf of any Party involves a disclosure of Confidential Information of any Party:

a.   the deposition or portions thereof shall be designated as containing Confidential Information subject to the provisions of this Order; such designation shall be made on the record whenever possible, but a Party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a Party shall have until fourteen (14) calendar days after receipt of the deposition

- 7 -

transcript to inform the other Party or Parties to the action of the portions of the transcript designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY"; the Parties shall automatically treat all such testimony as "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY" until the expiration of fourteen (14) calendar days after the mailing (via overnight mail) to counsel of the transcript of the testimony; confidentiality is thereafter waived as to any such testimony, or any portion thereof, as to which no confidentiality designation has been made at the time the testimony is given or during the 14-day period, unless otherwise stipulated or ordered by the Court; the Parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court;

b.     the disclosing Party shall have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to Paragraph 13 below;

c.     deposition testimony or exhibits designated as Confidential Information shall be transcribed and bound separately and marked with the designated confidentiality legend at the request of the designating Party, and access thereto shall be limited pursuant to the other terms of this Protective Order;

d.     the originals of the deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and the Party noticing the deposition shall be responsible for preparing and

distributing to all Parties bound versions of (i) a redacted transcript, with all Confidential Information removed; (ii) excerpts of all "CONFIDENTIAL" testimony, and (iii) excerpts of all "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY" testimony; and

e.   any deposition transcript, or portion thereof, that contains Confidential Information shall not be filed with the Court unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court; redacted or non-confidential deposition transcripts need not be filed under seal.

12.   All discovery materials or materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY" shall not be disclosed by the receiving Party to anyone other than those persons designated herein and shall be handled in the manner set forth below unless and until such designation is removed either by agreement of the Parties, or by order of the Court, and, in any event, shall not be used for any purpose other than in connection with this litigation.

13.   Information designated "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY" shall be viewed only by the following persons:  (a) the Court, jury, court personnel, court reporters, and other persons connected with the Court; (b) counsel (as defined in Paragraph 4) of the receiving Party; and (c) independent experts under the conditions set forth in Paragraph 14.

14.   The right of any independent expert to receive any Confidential Information shall be subject to the advance approval of such expert by the producing Party or by permission of the Court.  The Party seeking approval of an independent expert shall provide the producing Party with the name and *curriculum vitae* of the proposed independent expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any Confidential Information of the producing Party to the expert.  Any objection by the

producing Party to an independent expert receiving Confidential Information must be made in writing within seven (7) calendar days following receipt of the identification of the proposed expert.   Confidential Information may be disclosed to an independent expert if the seven-day period has passed and no objection has been made.   The approval of independent experts shall not be unreasonably withheld.   The Parties shall attempt to resolve any objections informally.   If the objections cannot be resolved, then the Party opposing disclosure of the Confidential Information to the expert may move the Court for an Order prohibiting the disclosure and shall bear the burden of proof with respect to the propriety of its objection and blocking of the individual from serving as an expert in this case.   Any Party that fails to file such a motion within seven (7) calendar days of notifying a Party of an objection to disclosure shall be deemed to have waived such objection, and the Parties shall be deemed to have agreed upon disclosure to the expert.

15.   Information designated "CONFIDENTIAL" shall be viewed only by the following persons:   (a) the Court, jury, court personnel, court reporters, and other persons connected with the Court; (b) counsel (as defined in Paragraph 4) of the receiving Party; (c) independent experts (pursuant to the terms of Paragraph 14); and (d) the additional individuals listed below, provided that each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms by executing the attached Agreement To Be Bound by Protective Order and a copy of such Agreement shall be retained by counsel for the receiving Party:

    i.   officers of each Party, provided that they are materially involved in the prosecution, defense, or settlement of this matter; and

    ii.   stenographic and clerical employees associated with the individuals identified above.

/ / /

16.     With respect to material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof, may be shown the same.

17.     All information that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY" by the producing or disclosing Party, and any and all reproductions thereof, shall be retained in the custody of the counsel for the receiving Party identified in Paragraph 4, except that independent experts authorized to view such information under the terms of this Order may retain custody of such copies as are necessary for their participation in this litigation but only for so long as is necessary for their participation in the litigation.

18.     Before any materials or discovery materials that are designated as Confidential Information are filed with the Court for any purpose, the Party seeking to file such material or discovery materials shall seek permission of the Court to file the material under seal.

19.     At any stage of these proceedings, any Party may object to a designation of materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY."   The Party objecting to the confidentiality designation shall notify, in writing, counsel for the designating Party of the objected-to materials and the grounds for the objection.   If the dispute is not resolved by agreement between the Parties within five (5) Court days of receipt of such notice, then the designating Party may apply to the Court for relief by motion.   Any such Motion for Protective Order shall be filed in strict compliance with Local Rules 37-1 and 37-2, including specifically the requirement of filing a Joint Stipulation in accordance with Local Rule 37-2. The materials at issue shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY," as designated by the designating

1   Party, until the Court has ruled on the motion or the matter has been otherwise

2   resolved.  If the designating Party does not file a Motion for Protective Order

3   within 10 Court days after receipt of such notice, then the materials at issue shall

4   be undesignated.

5   20.   All Confidential Information shall be held in confidence by those

6   inspecting or receiving it, and it shall be used only for purposes of this action.

7   Counsel for each Party, and each person receiving Confidential Information,

8   shall take reasonable precautions to prevent the unauthorized or inadvertent

9   disclosure of such information.  If Confidential Information is disclosed to any

10   person other than a person authorized by this Order, then the Party responsible

11   for the unauthorized disclosure must immediately bring all pertinent facts

12   relating to the unauthorized disclosure to the attention of the other Parties and,

13   without prejudice to any rights and remedies of the other Parties, make every

14   effort to prevent further disclosure by the Party and by the person(s) receiving

15   the unauthorized disclosure.

16   21.   No Party shall be responsible to another Party for disclosure of

17   Confidential Information under this Order if the information in question is not

18   labeled or otherwise identified as such in accordance with this Order.

19   22.   If a Party, through inadvertence, produces any Confidential

20   Information without labeling or marking or otherwise designating it as such in

21   accordance with this Order, then the producing Party may give written notice to

22   the receiving Party that the document or thing produced is deemed

23   "CONFIDENTIAL" or "HIGHLY-CONFIDENTIAL - FOR COUNSEL

24   ONLY," and that the document or thing produced should be treated as such in

25   accordance with that designation under this Order.  The receiving Party must

26   treat the materials or discovery materials accordingly, once the designating

27   Party so notifies the receiving Party.  If the receiving Party has disclosed the

28   materials or discovery materials before receiving the designation, then the

receiving Party must notify the designating Party in writing of each such disclosure.  Counsel for the Parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY."

23.    This Order shall not bar counsel (as defined in Paragraph 4) in the course of rendering advice to his or her client from referring to or relying in a general way upon his or her examination of Confidential Information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his or her client, the attorney shall not disclose the specific contents or substance of any Confidential Information produced by another Party herein if that disclosure would be contrary to the terms of this Order.

24.    Privilege Log – Any privileged communication that occurs after April 12, 2010, which is solely between all or some of the following individuals does not need to be logged by the Parties on their respective privilege logs:  (a) the Party; and (b) its Outside Counsel who has filed an appearance in this matter.  The omission of any such communication from a Party's privilege log will not constitute a waiver of any privilege.  Privileged or work product materials created on or after April 12, 2010 (*i.e.*, the filing date of this litigation) do not need to be logged by the Parties on their respective privilege logs.

25.    If information is produced in discovery in this matter that is subject to a claim of privilege or protection as trial-preparation material, then the Party making the claim may notify any Party that received the information of the claim and the basis for it within fourteen (14) calendar days of having discovered that such information was produced.  After being notified of the claim, a Party receiving such information must promptly return, sequester, or destroy the specified information and any copies, and such Party may not use or

- 13 -

disclose the information until the claim is resolved.  If the receiving Party disclosed the information before being notified, then he or it must take reasonable steps to retrieve it.  If the receiving Party disputes the claim or believes the protection has been waived, then he or it may present the information to the Court under seal within fourteen (14) calendar days of receiving the notice for a determination of the claim.  The producing Party must preserve the information until the claim is resolved.

26.    The inadvertent disclosure of privileged or work product protected material shall not constitute a waiver of privilege as between the Parties or any other third party, as governed by Rule 502 of the Federal Rules of Evidence. The entry of this Protective Order by the Court constitutes a court order under Rule 502(d) of the Federal Rules of Evidence.

27.    Expert Reports – A testifying expert's draft reports, notes, outlines, communications with counsel, and any other writings and materials generated by a testifying expert leading up to his or her final report(s) in this case are exempt from discovery.   Discovery materials, materials and writings, nonetheless, are not exempt from discovery if the materials or writings contain (1) data or information relied upon by the expert in forming his or her opinion(s), (2) data or information relevant to the expert's opinion(s) that was considered and not relied upon in forming his or her opinion(s), or (3) any test data relevant to the expert's opinion generated by or made available to the expert.  Communications and/or materials which contain both exempt and non-exempt information may be produced in redacted form so as to disclose only non-exempt information.  The expert must produce (1) his or her final report, and (2) all communications/materials to the extent they contain non-exempt information.

/ / /

/ / /

28.    In the event that a Party seeks discovery from a non-party to this action, either the non-party or the Parties may invoke the terms of this Order with respect to any Confidential Information provided to the Parties by the non-party by so advising all Parties in this suit in writing.  Any non-party that discloses Confidential Information under this Order shall be entitled to the rights of a Party under this Protective Order with respect to those produced materials.

29.    Nothing herein shall prejudice the right of any Party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

30.    This Order shall be without prejudice to the right of any Party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information.  The existence of this Order shall not be used by any Party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

31.    Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.  If any Party is subpoenaed in another action, served with a demand in another action to which it is a Party, or served by any legal process by one not a Party to the above captioned action, seeking information that was designated by an opposing Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY," then the Party shall give written notice by hand, e-mail, or facsimile transmission within ten (10) calendar days of receipt of such subpoena, demand, or legal process to the opposing Party who designated the information and shall object to its production to the extent permitted by law, setting forth the existence and terms of this Protective Order.  Nothing herein shall be construed as requiring the Party or anyone else covered by this Protective Order to challenge or appeal any court or administrative order

1  requiring production of information subject to this Protective Order, or subject
2  itself to any penalties for noncompliance with any legal process or order, or to
3  seek any relief from this Court.

4        32.    Within sixty (60) calendar days after the final termination of this
5  action, including any and all appeals, counsel for each Party shall, upon request
6  of the producing Party, return all Confidential Information to the Party that
7  produced the information, including any copies, excerpts, and summaries
8  thereof, or shall destroy the same at the option of the receiving Party and shall
9  purge all such information from all machine-readable media on which it resides.
10  Notwithstanding the foregoing, counsel for each Party may retain all pleadings,
11  briefs, memoranda, motions, and other documents filed with the Court that refer
12  to or incorporate Confidential Information, and counsel will continue to be
13  bound by this Order with respect to all such retained information.  Further,
14  attorney work product materials that contain Confidential Information need not
15  be destroyed; however, if they are not destroyed, then the person in possession
16  of the attorney work product will continue to be bound by this Order with
17  respect to all such retained information.

18        33.    The restrictions and obligations set forth herein shall not apply to
19  any information that:   (a) the Parties agree should not be designated
20  Confidential Information; (b) the Parties agree, or the Court rules, is already
21  public knowledge; (c) the Parties agree, or the Court rules, has become public
22  knowledge other than as a result of disclosure by the receiving Party, its
23  employees, or its agents in violation of this Order; or (d) has come or shall come
24  into the receiving Party's knowledge legitimately and independently of the
25  production by the designating Party.  Prior knowledge must be established by
26  pre-production documentation.

27  / / /

28  / / /

34.　　The restrictions and obligations herein shall not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession thereof.

35.　　Transmission by e-mail is acceptable for all notification purposes herein.

36.　　This Order may be modified by agreement of the Parties, subject to approval by the Court.

37.　　The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time.　The Parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

**IT IS SO ORDERED.**

Dated: November 10, 2010

_____
UNITED STATES MAGISTRATE JUDGE

9953509_1
110310

- 17 -

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| SOLAR SUN RINGS, INC., a California corporation, | ) Case No. 5:10-CV-0503 VAP (DTBx) |
| | ) |
| Plaintiff, | ) **AGREEMENT TO BE BOUND BY** |
| | ) **PROTECTIVE ORDER** |
| v. | ) |
| | ) |
| R&P POOLS, INC. d/b/a LEISURE LIVING, a New York corporation; ISLAND SWIMMING SALES, INC. d/b/a ISLAND RECREATIONAL, a New York corporation; DANIEL SCHONFELD d/b/a WARMWATERPOOLS.COM, an individual; XPEM, INC. d/b/a POOL SUPPLY WORLD, a California corporation; SMITHCO HOLDINGS, LLC d/b/a AQUA SUPERSTORE, a Florida limited liability company; THE YARD AND POOL COMPANY, LLC, a Maryland limited liability company; BEST BUY POOL SUPPLY, LLC, a California limited liability company; AMERIMERC LLC d/b/a AQUA POOL WAREHOUSE, a Kansas limited liability company; POOLSONLY.COM, INC. d/b/a POOLSONLY.COM, a California corporation; TROPIC POOLS, INC. d/b/a/ TROPICPOOLS.COM, an Illinois corporation; 1 800 POOLS, LLC, a New Jersey limited liability company; VIMATA INTERACTIVE, INC. d/b/a BACKYARDCITYPOOLS.COM, a Tennessee corporation; UNDERBID, INC. d/b/a UNDERBID.COM, a New York corporation; PCPOOLS, INC. d/b/a PCPOOLS.COM, an Illinois corporation; CHALLENGER | ) Hon. Virginia A. Phillips<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

1       MANUFACTURING, INC. d/b/a )
         BLUE WAVE PRODUCTS, INC., )

2       an Illinois corporation; )
      B.W. INCORPORATED d/b/a )

3          FAMILYPOOLFUN.COM, a )
         Minnesota corporation; )

4       D B MANAGEMENT LC d/b/a )
         AQUAMONSTER.COM, a Florida )

5          limited liability company; )
      EMPIRE BUILDING PRODUCTS, )

6          INC. d/b/A EMPIRE SURPLUS )
         HOME CENTER, a Pennsylvania )

7          corporation; )
      INYO POOL PRODUCTS, INC. d/b/a )

8          INYOPOOLS.COM, a Florida )
         corporation; )

9       NORTHEAST POOLS AND )
         SIDELINE SERVICES, INC. d/b/a )

10          NORTHEAST POOL STORE, a )
         New York corporation; and )

11       ASIA CONNECTION LLC, a New )
         York limited liability company; and )

12       DOES 1 through 10, inclusive, )
      )

13          Defendants. )
      )

14       AND RELATED COUNTERCLAIM )

15

16         In consideration of the disclosure to me or production by me of certain

17 information that is designated or, upon production, may be designated as subject

18 to a Protective Order of the Court, I, _____,

19 declare and agree as follows:

20         1.     I am employed as _____ by

21 _____, which has the following address:

22 _____.

23         2.     I have read the Protective Order entered in the above-captioned

24 case, and I have received a copy of the Protective Order.

25         3.     I agree to be bound by the terms of the Protective Order.

26         4.     I agree that I will use any and all "CONFIDENTIAL" or

27 "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY" information, as

28 defined in the Protective Order, given to me only in a manner authorized by the

1    Protective Order and only to assist counsel in the litigation of this matter.

2        5.    I agree that I will not disclose or discuss such "CONFIDENTIAL"
3    or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY" information with
4    anyone other than the persons described in Paragraphs 4, 13 and 15 of the
5    Protective Order.

6        6.    I agree to submit to the jurisdiction of the United States District
7    Court for the Central District of California for the purpose of enforcement of the
8    Protective Order.

9        7.    I understand that if I violate the terms of the Protective Order, then
10   I may be subject to a contempt of court proceeding.

11

12   Dated:_____

13

14   Signed: _____

15

16

17

18

19

20

21

22

23

24

25

26

27

28